**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4960**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TYREE JAMEZ BODDIE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:13-cr-00177-D-1)

Submitted:  August 21, 2014      Decided:  August 25, 2014

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Jamez Boddie pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2012), and was sentenced to 96 months' imprisonment. He appeals, asserting that the upward variance sentence was unreasonable. We affirm.

Boddie contends that the sentence imposed was unreasonable because the district court failed to consider letters submitted at sentencing evidencing his family support. This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In reviewing a variance, the appellate court must give due deference to the sentencing court's decision because it "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364, 366 (4th Cir. 2011) (citing Gall, 552 U.S. at 56); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make

2

an individualized assessment based on the facts presented")
(citation and emphasis omitted).

The district court properly computed the applicable
Guidelines range as 70 to 87 months' imprisonment. The court
acknowledged that it read and considered the letters submitted
by Boddie. The court also appropriately considered the 18
U.S.C. § 3553(a) (2012) factors in light of Boddie's individual
characteristics and history. Noting Boddie's lengthy criminal
history and his lack of respect for the law, the court
determined that, based on the need to impose just punishment,
the need for deterrence, and the serious nature of Boddie's
criminal history, an upward variance to 96 months was
appropriate. We conclude that the district court adequately
explained the reasons for the sentence imposed and that the
district court did not abuse its discretion in imposing the 96-
month sentence. See Gall, 552 U.S. at 41; Diosdado-Star, 630
F.3d at 364, 366.

Accordingly, we affirm Boddie's sentence. We dispense
with oral argument because the facts and legal contentions are
adequately presented in the materials before this court and
argument would not aid the decisional process.

AFFIRMED

3